No. 689

HAMPTON v. GABRIEL SNUBBER SALES & SERVICE CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2943.  Decided February 7, 1927.

**456. EMPLOYER A N D EMPLOYEE—** Where bookkeeper is instructed to report theft of money to police station and, upon suggestion of po'ice officer, pursues and commits assault and battery upon person whom he thinks guilty of theft, such assault and battery not within scope of employment.

Error to Common Pleas.

Judgment affirmed.

First Publication of this Opinion.

HAMILTON, J.

The plaintiff in error, who was the plaintiff below, brought an action for damages for malicious assault and battery. At the close of plaintiff's evidence, defendant moved for an instructed verdict, in its favor which motion the court granted. An instructed verdict was returned and judgment entered thereon in favor of the defendant. It is urged that there was evidence to sustain the plaintiff's case and that the case should have been submitted to the jury.

The question turns on whether or not the acts which are alleged to have been done by the servants and agents of the corporation, were done within the scope of employment. The evidence bearing on that question, introduced by the plaintiff is in substance as follows:—

One Ellis Foote was a bookkeeper for the defendant company; that a few minutes before twelve o'clock on Saturday, Sept. 22, 1923, he brought the payroll for the employes of the Company, and had the same lying on his desk. At this time a stranger came in seeking a position with the company. He was talking with the Manager in his office, who dismissed the applicant, thereupon the manager walked out of the shop. Mr. Foote was writing a tag for a customer, and this stranger passed his desk, and when Foote turned to the desk, the money was missing. Foote immediately reported the loss to the manager, who instructed Foote to go down to the Second District Police Station, and report the theft, and then went to lunch.

Foote got into his automobile, and, with a young man named Johnson, a former employe of the company, went to the police station and saw the lieutenant in charge. While they were talking, they saw a young man on the opposite side of the street. Foote spoke to the lieutenant to the effect that that looked like the fellow, and the officer said to Foote "go after him." Foote, together with Johnson, got in the former's machine and followed the street car, which the young man had boarded, across the bridge into Kentucky. When the young man whom they were trailing, who afterwards turned out to be the plaintiff in this case, alighted, Johnson seized him, charging him with the theft. Foote came up. and they searched the man, but failed to find the money on him, and the facts satisfied them that he was not the man.

The evidence shows considerable roughness in stopping the young man and searching him.

Later in the afternoon, Foote and Johnson returned to the defendant's place of business, whereupon they were angrily accosted by the manager who asked them where they had been. On being told that they had chased some young man across the river, the manager angrily notified them that they had no authority to do that, as he instructed Foote only to report the theft to the Second District Police Station, and was very angry a their conduct.

The rule is laid down in the case of Strannahan v. Coit, 55 OS. 398: "A master is liable for the malicious acts of his servant whereby others are injured, if the acts are done within the scope of the employment and in the execution of the service for which he was engaged by the master."

We are unable to see any evidence tending to show that in committing the assault, Foote was acting within the scope of his employment. This being true, the trial court was correct in instructing the verdict as it did.

Judgment affirmed.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—D. S. Taylor and Thos. L. Michie for Hampton; James R. Clark for Company; all of Cincinnati.